**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**TYLER DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| | § | **CASE NO. 6:10CR62-JRG-JDL** |
| **vs.** | § | |
| | § | |
| | § | |
| **JOSE GERARDO VASQUEZ (1)** | § | |
| | § | |
| | § | |

**REPORT AND RECOMMENDATION**
**ON REVOCATION OF SUPERVISED RELEASE**

The Government moved to revoke Defendant Jose Gerardo Vasquez's supervised release based on violations of his supervised release conditions. Defendant waived his right to a revocation hearing and pleaded "true" to the petition. It is the recommendation of the undersigned that the plea be accepted and that Defendant be sentenced to 11 months of imprisonment, to run concurrent with the sentence imposed in Criminal Action No. 6:17-CR-67, with no further supervised release.

*Background*

After pleading guilty to the offense of conspiracy to possess with intent to distribute and distribution of at least 5 grams but less than 50 grams of methamphetamine (actual), a Class B felony, Defendant was sentenced on September 20, 2011, by United States District Judge Leonard Davis to 70 months of imprisonment to be followed by 4 years of supervised release subject to the standard conditions of release, plus special conditions to include compliance with the Immigration and Nationality Act, 8 U.S.C. § 1101, *et seq*., drug after-care, and financial disclosure. The offense carried a statutory maximum imprisonment term of 40 years and the guideline imprisonment range,

based on a total offense level of 25 and a criminal history category of III, was 70 to 87 months. Defendant completed his term of imprisonment and began serving his term of supervised release on September 11, 2015.  Defendant was released to immigration officials and he was deported to Mexico on November 12, 2015.

*Allegations*

In the Petition for Warrant or Summons for Offender under Supervision filed on September 11, 2017, United States Probation Officer Lupe Saucedo alleges that Defendant violated the following conditions of release:

**Allegation 1** (standard condition 6):  The defendant shall notify the probation officer ten days prior to any change of residence or employment.  It is alleged that Defendant was encountered by Longview Police in Longview, Texas, on or about August 4, 2017, and failed to notify the probation officer of his change in residence.

**Allegation 2** (standard condition 11):  The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer.  It is alleged that Defendant was questioned by Longview Police in Longview, Texas, on or about August 4, 2017, and failed to notify the probation officer within seventy-two hours of such questioning.

**Allegation 3** (special condition):  As a condition of supervised release, immediately upon release from confinement, the defendant shall be surrendered to a duty authorized immigration official for deportation proceedings in accordance with the established procedures provided by the Immigration and Nationality Act, 8 U.S.C. § 1101, et seq.  If ordered deported, the defendant shall remain outside the United States.  In the event the defendant is not deported, the defendant shall comply with all conditions of supervised release, to include reporting to the nearest U.S. Probation

Office within seventy-two hours of release by immigration officials or re-entry into the country. It is alleged that Defendant was encountered by Longview Police in Longview, Texas, on or about August 4, 2017, after he was deported from the United States to Mexico on or about November 12, 2015. It is also alleged that Defendant failed to remain outside the United States and failed to report to the nearest U.S. Probation Office within seventy-two hours of re-entry into the country.

### *Applicable Law*

According to 18 U.S.C. § 3583(e)(3), the Court may revoke the term of supervised release and require a Defendant to serve in prison all or part of the term of supervised release without credit for the time previously served under supervision, if it finds by a preponderance of the evidence that Defendant violated a term of supervised release. Supervised release shall be revoked upon a finding of a Grade A or B supervised release violation. U.S.S.G. § 7B1.3(a)(1). In the present case, Defendant's original offense of conviction was a Class B felony. Accordingly, the maximum sentence the Court may impose is 3 years of imprisonment. 18 U.S.C. § 3583(e).

Under the Sentencing Guidelines, which are non-binding,[1] if the Court finds by a preponderance of the evidence that Defendant violated his conditions of supervised release as alleged in the petition, he is guilty of a Grade C violation. U.S.S.G. § 7B1.1(a). Defendant's original criminal history category was III. The Guidelines, therefore, provide that Defendant's guideline range for a Grade C violation is 5 to 11 months of imprisonment. U.S.S.G. § 7B1.4(a).

---

[1] The United States Sentencing Guidelines as applied to revocations of supervised release "have always been non-binding, advisory guides to district courts in supervised release revocation proceedings." *United States v. Brown*, 122 Fed.Appx. 648, 2005 WL 518704, slip op. p.1 (citing *United States v. Davis*, 53 F.3d 638, 642 (5th Cir.1995)); see also *United States v. Mathena*, 23 F.3d 87 (5th Cir.1994) (policy statements contained in Chapter 7 of the Sentencing Guidelines applicable to sentencing a defendant upon revocation of supervised release are advisory only.).

*Hearing*

On April 3, 2018, Defendant appeared for a final revocation hearing. Defendant's counsel, Ken Hawk, announced that Defendant and Assistant United States Attorney Jim Noble reached an agreement for Defendant to enter a plea of true to the allegations in the petition and to jointly request a sentence of 11 months of imprisonment, to run concurrent with the sentence in Criminal Action No. 6:17-CR-67, with no further supervised release. The parties agreed that Defendant should receive credit for time in custody beginning on August 16, 2017. After the Court explained to Defendant his right to a revocation hearing, he waived his right to a revocation hearing and entered a plea of "true" to the allegations in the petition. Defendant requested a recommendation to the Bureau of Prisons to confine him at FCI Seagoville to facilitate family visitation.

*Findings and Conclusions*

I find that Defendant is competent and that his plea and waiver of the revocation hearing was knowingly and voluntarily made. I accept Defendant's plea and find by a preponderance of the evidence that the allegations in the petition are true. Defendant is guilty of a Grade C supervised release violation. I further find and conclude that Defendant's term of supervised release should be revoked and that he should be sentenced to 11 months of imprisonment, to run concurrent with the sentence in Criminal Action No. 6:17-CR-67, with no further supervised release. Any criminal history monetary penalties previously ordered in the final judgment should be imposed in this revocation, with all payments collected credited towards outstanding balances.

## RECOMMENDATION

In light of the foregoing, it is recommended that Defendant's plea of true to the allegations in the petition be **ACCEPTED** and that Defendant's term of supervised release be **REVOKED**. It is further recommended that Defendant be sentenced to 11 months of imprisonment, to run

concurrent with the sentence in Criminal Action No. 6:17-CR-67, with no further supervised release. Defendant should be given credit for time served in custody beginning on August 16, 2017. Any criminal monetary penalties previously ordered in the final judgment should be imposed in this revocation, with all payments collected credited towards outstanding balances.

Before the conclusion of the hearing, the undersigned announced the foregoing recommendation and notified Defendant of his right to object to this Report and Recommendation and to be present and allocute before being sentenced by the Court. Defendant waived those rights and executed a written waiver in open court. The Government also waived its right to object to the Report and Recommendation. It is therefore recommended that the Court revoke Defendant's supervised release and enter a Judgment and Commitment for him to be sentenced to 11 months of imprisonment, to run concurrent with the sentence in Criminal Action No. 6:17-CR-67, with credit for time served in custody beginning on August 16, 2017, and with no further supervised release.

So ORDERED and SIGNED this 3rd day of April, 2018.

K. NICOLE MITCHELL
UNITED STATES MAGISTRATE JUDGE